Filed 10/23/15  P. v. Delato CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C075940 |
| Plaintiff, | (Super. Ct. No. SF123635A) |
| v. | |
| NICK MENDEZ DELATO, Jr., | |
| Defendant and Respondent; | |
| STATE DEPARTMENT OF STATE HOSPITALS, | |
| Objector and Appellant. | |
| [AND SEVEN OTHER CASES*] | |

This case involves the transfer of defendants to the State Department of State Hospitals (the Department), after they have been found incompetent to stand trial (IST). After an IST finding, the trial court orders the defendant to be sent by the sheriff to a state

---

* The other seven cases involve petitioners Sonny Latin (No. SF119917A), Damar Pittman (No. MF036363A), Charlie Williams (No. SF123223A), Ryan Wagner (No. SF1243365A), Lashae Alberty (No. SF124440A), Harley Lipsett (Nos. MM123994A, MF0344343A, & MF035942A), and Salvador Chaveste (No. MF034249A).

1

hospital or other facility for treatment to restore mental competence, or places him or her on outpatient status.  (Pen. Code, § 1370, subd. (a)(1)(B)(i).)[1]

In response to petitions seeking habeas corpus relief, the trial court issued a standing order generally requiring the Department to admit IST defendants from San Joaquin County within 30 days of their commitment orders.  The Department timely appeals.  The appeal lies.  (Code Civ. Proc., § 904.1, subd. (a)(6).)  We reverse with directions because an intervening statutory change requires the trial court to reconsider its order in light of current circumstances.

## FACTUAL, LEGAL, AND PROCEDURAL BACKGROUND

In *People v. Brewer* (2015) 235 Cal.App.4th 122 (*Brewer*), we discussed the rights of IST defendants and the statutes protecting them.  We repeat relevant portions of that discussion here.

"If at any time before judgment in a criminal trial a doubt arises as to the defendant's mental competence, the court shall order a hearing into the present mental competence of the defendant.  (§ 1368.)  If the defendant is found mentally competent, the criminal process shall resume.  (§ 1370, subd. (a)(1)(A).)  'If the defendant is found mentally incompetent, the trial, the hearing on the alleged violation, or the judgment shall be suspended until the person becomes mentally competent.'  (*Id*., subd. (a)(1)(B).)

" 'In the meantime, the court shall order that the mentally incompetent defendant be delivered by the sheriff to a state hospital . . . ,' or other approved available treatment facility that 'will promote the defendant's speedy restoration to mental competence.' (§ 1370, subd. (a)(1)(B)(i).)  Alternatively, the court may order the defendant placed on outpatient status.  (*Ibid*.)  Before a court makes a commitment order to a state hospital, the court shall order the community program director, or his designee, to evaluate the defendant and submit to the court, within 15 judicial days, a written recommendation as to whether the defendant should be committed to a state hospital or other treatment facility or required to undergo outpatient treatment.  (§ 1370, subd. (a)(2).)

---

[1]  Further undesignated statutory references are to the Penal Code.

"The court is also required to provide the section 1370 packet. These documents include the commitment order, a computation of the defendant's maximum term of commitment and amount of credit for time served, criminal history information, arrest reports, any court-ordered psychiatric examination or evaluation reports, the community program director's placement recommendation, records of any finding of incompetence arising out of a complaint charging a felony specified in section 290, and medical records. (§ 1370, subd. (a)(3).)

"Once the defendant has been admitted to a state hospital, a progress report on his restoration to competence is required. 'Within 90 days of a commitment . . . , the medical director of the state hospital or other treatment facility to which the defendant is confined shall make a written report to the court and the community program director for the county or region of commitment, or a designee, concerning the defendant's progress toward recovery of mental competence . . . .' (§ 1370, subd. (b)(1).)

"In *Jackson v. Indiana* (1972) 406 U.S. 715, 738 [32 L.Ed.2d 435, 451] (*Jackson*), the United States Supreme Court held 'a person charged by a State with a criminal offense who is committed solely on account of his incapacity to proceed to trial cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future. If it is determined that this is not the case, then the State must either institute the customary civil commitment proceeding that would be required to commit indefinitely any other citizen, or release the defendant. Furthermore, even if it is determined that the defendant probably soon will be able to stand trial, his continued commitment must be justified by progress toward that goal.' (Fn. omitted.)

"The next year, our Supreme Court reviewed 'the constitutionality of the procedures ([§ 1367 et seq.]) for the commitment to, and release from, state hospital of defendants in criminal cases who have been found to lack sufficient mental competence to stand trial.' (*In re Davis* (1973) 8 Cal.3d 798, 801, fn. omitted (*Davis*).) The court concluded that the petitioners' initial commitments were proper, but 'acknowledge[d] that some provision must be made to assure that petitioners do not face an indefinite commitment without regard to the likelihood that they will eventually regain their competence, for such an indefinite commitment has been held to offend constitutional principles of equal protection and due process. [Citation.] [¶] Accordingly, we adopt the rule of the *Jackson* case that no person charged with a criminal offense and committed to a state hospital solely on account of his incapacity to proceed to trial may be so confined more than a reasonable period of time necessary to determine whether there is a substantial likelihood that he will recover that capacity in the foreseeable future. Unless such a showing of probable recovery is made within this period, defendant must either be released or recommitted under alternative commitment procedures.' (*Ibid.*)

3

"Following *Davis,* section 1370 was amended to provide for a maximum period of confinement of three years for defendants found IST. . . .

"In *In re Mille* (2010) 182 Cal.App.4th 635 (*Mille*), another appellate court addressed the claim that an 84-day delay in transferring an IST defendant from the county jail to the state hospital was unlawful. The court focused on the requirement in section 1370, subdivision (b)(1), that the medical director of the state hospital report to the court within 90 days of commitment on the defendant's progress toward recovery of mental competence. (*Mille,* at p. 645.) 'When a defendant arrives at Patton [State Hospital] on day 84 of the 90-day period, there is no meaningful opportunity for the defendant to make progress toward recovery of mental competence, let alone for the medical director of the hospital to make a written report to the court concerning such progress by the defendant.' (*Ibid*.)

"[¶] . . . [¶]

"The *Mille* court found a defendant must be transferred from the county jail to a state hospital within a reasonable time, determined in the context of the 90-day reporting requirement. . . . (*Mille, supra*, 182 Cal.App.4th at p. 650.)

"The *Mille* court declined ' "to attempt to prescribe arbitrary time limits" ' for the transfer from the county jail to state hospital for treatment. [Citation.] The court noted, however, that Mille filed his initial habeas corpus petition 30 days after the order for his commitment, and the trial court denied it 49 days into the 90-day reporting period. [Citation.] The court found the superior court should have granted the petition." (*Brewer, supra*, 235 Cal.App.4th at pp. 129-132, fn. omitted.)

Addressing writs of habeas corpus filed in San Joaquin County predicated on the *Mille* decision, the trial court in this case issued an order providing as follows:

"The Sheriff of San Joaquin County shall deliver, to the state hospital designated in any [section 1370] commitment order, any such defendant so committed, within a reasonable period of time that does not exceed thirty (30) days from the order . . . unless the defendant's [section 1370 packet] has not been prepared, in which case the Sheriff shall deliver the defendant . . . as soon as the packet is made available. Further, the state hospital must accept the delivery of the defendant. To facilitate delivery and acceptance, the sheriff is ordered to notify the state hospital that the defendant has been delivered into the custody of the sheriff for delivery to the state hospital as soon as the sheriff takes custody of the defendant upon the order of commitment, so that the state hospital will have advance notice and be prepared to accept delivery when the sheriff is ready to deliver the defendant to the state hospital."

4

The Department appealed from this order on February 24, 2014.[2]

To resolve confusion among the parties about the nature of the order, on May 2, 2014, we granted the Department's petition for writ of supersedeas, pointing out that the order was a mandatory injunction, stayed by operation of law during the pendency of this appeal. (See Code Civ. Proc., § 916, subd. (a); 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 270(1), p. 326.)

Then, the Legislature amended relevant statutes, outlined in *Brewer* as follows:

"In 2014, the Governor signed Assembly Bill No. 1468 (2013-2014 Reg. Sess.) June 20, 2014 (Assembly Bill 1468), an urgency measure that amended section 1370 and other statutes. . . .

"[¶] . . . [¶]

"Under the former version of section 1370, the trial court selected the state hospital to which the IST defendant was committed. . . . Now, under Assembly Bill 1468, the court commits the defendant to the Department, which selects the placement location. (§ 1370, subd. (a)(5).) Assembly Bill 1468 amended Welfare and Institutions Code section 7228, which now provides: 'Prior to admission, the [Department] shall evaluate each patient committed pursuant to Section 1026 or 1370 of the Penal Code to determine the placement of the patient to the appropriate state hospital. The [Department] shall utilize the documents provided pursuant to subdivision (e) of Section 1026 of the Penal Code and paragraph (2) of subdivision (b) of Section 1370 of the Penal Code to make the appropriate placement. . . .'

"Another change . . . is that the section 1370 packet must now to be sent to the Department *prior* to the defendant's admission. (§ 1370, subd. (a)(3).) Previously, the documents 'shall be taken *with the defendant* to the state hospital or other treatment facility where the defendant is to be confined.' " (*Brewer, supra*, 235 Cal.App.4th at pp. 140-141.)

---

[2] No party challenges the Department's standing to appeal, inasmuch as the Department filed the formal response to the habeas corpus petition.

5

On March 13, 2015, after the Department and Delato filed their initial briefs, we decided *Brewer*. The Department's reply brief, filed on March 30, 2015, cited and discussed *Brewer*. To allow Delato the opportunity to address *Brewer*, on May 6, 2015, we directed the parties to submit supplemental briefs, and they have done so.

**DISCUSSION**

In *Brewer*, the injunctive order at issue (as modified by the trial court) called for a delivery of IST defendants to a designated state hospital within 14 days or as soon as the section 1370 packet was available, and required the Sacramento County Sheriff to notify the hospital as soon as the sheriff took custody of the IST defendant. (*Brewer, supra*, 235 Cal.App.4th at pp. 128, 133, 134-135.)

We concluded the intervening statutory changes detailed *ante* required reversal of the order. First, the amendments now vested the Department, not the trial court, with discretion to choose the appropriate facility for each IST defendant. (*Brewer, supra*, 235 Cal.App.4th at p. 141.)[3] Second, the amendments required that the section 1370 packet be sent to the Department *before* the IST defendant is transported. (*Brewer,* at p. 141.)

We rejected Brewer's suggestion that we modify the injunctive order on appeal (see Code Civ. Proc., § 43) to conform to the new statutory scheme:

"We find Assembly Bill 1468 may have a greater effect on the [order] than simply the changes discussed *ante*. These changes in the law may also affect the reasonableness of a mandatory 14-day deadline for transfer to the state hospital after the commitment order. The Department now has additional duties to perform before admission of a defendant to a state hospital, including selecting the most appropriate hospital or treatment facility for restorative treatment after review of the section 1370 packet and other documents. Compilation of the section 1370 packet may take additional time as it

---

[3] The trial court in *Brewer* had purported to further modify the order during the pendency of the appeal, in response to the new legislation, but we held that act was void. (*Brewer, supra*, 235 Cal.App.4th at pp. 141-142.)

6

now must include the defendant's medical records.  (§ 1370, subd. (a)(3)(I).)  The trial court must carefully consider whether the 14-day deadline is reasonable in light of these additional duties.

"Indeed, given the additional individualized assessment now required after the Department receives the section 1370 packet, the trial court must determine not only whether a short 14-day deadline from the date of the commitment order is reasonable, but also whether *any* deadline should be triggered by the commitment order or by the Department's receipt of the section 1370 packet.  The trial court must hold a new evidentiary hearing to ascertain how much time is reasonable, after the section 1370 packet is prepared and sent to the Department, to accommodate both the Department's duties prior to delivering IST defendants to the designated hospital or other treatment facility and the statutory requirement of a progress report from such hospital or facility within 90 days of commitment.  (§ 1370, subd. (b)(1).)"

"The change in the law requires, at the very least, additional modifications to the [order].  We shall direct the trial court to vacate its order denying the motion to set aside the [order] and we remand for reconsideration of that motion with an evidentiary hearing and any further proceedings the trial court determines necessary or appropriate.  We shall dissolve the injunction currently in place . . . ." (*Brewer, supra*, 235 Cal.App.4th at pp. 142-143.)

Despite *Brewer*, the parties disagree on the proper resolution of this appeal.[4]

At the beginning and end of its supplemental brief, the Department asks that we remand for the trial court to reconsider the order as we did with an analogous order in *Brewer*, based on the intervening statutory changes.  But the Department also asks that

---

[4] We reject Delato's claim that we should apply the appellate disentitlement doctrine to bar the Department from pursuing this appeal, based on alleged concealment of similar IST orders in other counties--orders that were matters of public record and could hardly be deemed concealed.  As we summarized in a prior case:  " 'It is well established that an appellate court may stay or dismiss an appeal by a party *who stands in contempt of the legal orders and processes of the superior court*.' . . . 'The rationale upon which [appellate] relief is denied is that it would be a flagrant abuse of the principles of equity and of the due administration of justice to consider the demands of a party who becomes a voluntary actor before a court and seeks its aid *while he stands in contempt of its legal orders and processes*.' " (*Stone v. Bach* (1978) 80 Cal.App.3d 442, 444, italics added.)  Here, the Department was not found in contempt and has not defied the processes of the lower court, therefore the preconditions for the doctrine do not exist, and thus we need not consider whether that equitable doctrine should be applied herein.

we address certain legal issues it purports to have raised in its original briefing. Delato replies that we should simply modify the trial court's order to conform it to *Brewer*. We disagree with these contentions of the parties.

The Department asks that we address "two key issues raised" in this appeal; these issues are whether a single deadline for transferring all IST defendants exceeds the trial court's jurisdiction, and whether such an order exposes the Department to equal protection liability from defendants in other counties. We decline to address either of these claims. The former claim was not headed and argued in the Department's brief; at the page cited, the Department argued the order intruded on the Department's discretion, not that it exceeded the trial court's jurisdiction. Because the jurisdictional contention was not headed and argued in the Department's opening brief, it is forfeited and we decline to address it now. (See *Loranger v. Jones* (2010) 184 Cal.App.4th 847, 858, fn. 9.) The latter claim (exposure to equal protection claims), while headed and argued in the opening brief was not accompanied by any legal authority, and therefore this claim, too, is forfeited. (See *In re S.C.* (2006) 138 Cal.App.4th 396, 408.) Further, the contention is unripe.

Nor do we agree with Delato's view that we should simply modify the order, for the same reasons we declined to modify the trial court order in *Brewer*. (See *Brewer, supra*, 235 Cal.App.4th at pp. 142-143.)

## DISPOSITION

The judgment is reversed.  The matter is remanded to the trial court with directions to reconsider the cause in a manner consistent with the views expressed herein. The stay previously issued by this court is dissolved upon finality of this decision.

_____/s/_____
DUARTE, J.

We concur:

_____/s/_____
RAYE, P. J.

_____/s/_____
ROBIE, J.